IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIGLER JOBE STOUFFER,** | ) |
| | )    **Case No. 21-CV-1000-F** |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| **SCOTT CROW, et al.** | ) |
| | ) |
| Defendants. | ) |

**CAPITAL CASE**
**PENDING EXECUTION DATE:**
**DECEMBER 9, 2021**

**MOTION FOR STAY OF EXECUTION**
**PENDING DISPOSITION OF PLAINTIFF'S COMPLAINT**
**FILED HEREIN PURSUANT TO 42 U.S.C. SECTION 1983**

Bigler Jobe Stouffer, Plaintiff, ("Stouffer") respectfully requests that this Court grant him a stay of execution pending the resolution of his complaint filed herein pursuant to 42 U.S.C. section 1983. Plaintiff has a pending execution date of December 9, 2021.

### I. LEGAL STANDARD

"[A] stay of execution is an equitable remedy, and an inmate is not entitled to a stay of execution as a matter of course." *Hill v. McDonough*, 547 U.S. 573 (2006). In deciding whether to issue a stay of execution, a court must consider: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies.

*See Nken v. Holder*, 556 U.S. 418 (2009).  A motion for a stay, however, depends on the operation of equity.  *See Hill*, 547 U.S. at 584, 126 S.Ct. at 2104.

In a capital case, the likelihood of success factor is satisfied when the plaintiff makes a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (citation and quotation marks omitted). That showing is made if the plaintiff shows that the "issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Id.* At 893 n. 4 (citation and quotation marks omitted).

## II.  ARGUMENT

### A. Stouffer is Very Likely to, at a Minimum, Proceed Past Summary Judgment and Receive a Jury Trial on the Merits.

Stouffer has raised several claims within his complaint.  The majority of those claims have been previously raised by thirty-one other death row inmates in *Glossip v. Chandler, et al,* Civ. No. 14-cv-665-F, U.S. District Court, W.D. Oklahoma (*Glossip*). Although Plaintiff believes all of his claims will likely succeed on the merits at some point in the litigation, Plaintiff's second claim for relief asserts that constitutionally impermissible pain and suffering will result from the three-drug lethal injection protocol proposed by the state (midazolam, vecuronium bromide and potassium chloride).  This exact claim was made by the thirty-one death row inmates in *Glossip*.  This court in *Glossip* denied the Defendants' Motion for Summary Judgment and set the matter for jury trial for

twenty-five of the plaintiffs in that matter.[1] *See Glossip*, Order entered by the Honorable Judge Stephen P. Friot on August 11, 2021 (Docket #456). Accordingly, Stouffer's likelihood of at least getting a jury trial on the merits at some future date is substantially certain.

### B.  Stouffer Easily Establishes Irreparable Injury

Stouffer will be irreparable injured if he is executed before this case can be litigated. The end of his life without opportunity to present his claims is the most "irreparable injury" any human could face.

### C.  The Issuance of a Stay Will Not be Detrimental to the Defendants

The executions of twenty-five of the thirty-one plaintiffs in the Glossip case are on hold pending the resolution of that case, with no detriment to the same Defendants cited herein.  In that respect, Stouffer's case is not different than theirs.

Moreover, should the Defendants argue that Stouffer was somehow dilatory in filing this case, Stouffer would ask the court to look at certain pleadings in the *Glossip* case. Specifically, Motion for Additional Plaintiff to the Proceedings (Docket #107) filed on November 20, 2014, wherein Stouffer, pro se at the time, requested permission to become a plaintiff in that case.  On December 22, 2014, this court by Order (Docket # 171), after Defendants objected, denied his request on a technical error because Stouffer, while incarcerated and pro se, failed to properly serve all parties his motion.  The court noted that

---

[1] Summary judgment was granted against six plaintiffs for not choosing an alternative method. Stouffer is willing to choose an alternative constitutional method once that stage of this litigation is reached in this lawsuit, assuming he is not executed in the meantime.

3

"[a]lthough courts sometimes take a permissive position with regard to certain technicalities of Rule 24(c), the court sees no reason to excuse the service requirement of Rule 24 in the circumstances presented here." The court further pointed to the fact that the "action ha[d] advanced beyond the preliminary stage" and that Stouffer "identifie[d] no exigencies which pertain to his personal situation and which might suggest the need to allow him to intervene." At the time, there was no execution date set for Stouffer and the State of Oklahoma had agreed not to request execution dates until *Glossip* was resolved. That situation has changed and Mr. Stouffer now faces an execution date of December 9, 2021. The Defendants should not be allowed to "eat their cake and have it too," by successfully objecting to Stouffer become a party in the *Glossip* case seven years ago and now claim they will be harmed because he was dilatory.

### D. It is not in the Public's Interest to Execute Stouffer Without Due Process

The United States Constitution is the backbone of the Great American Experiment. The public interest of our nation is embedded in the belief that all citizens, even those convicted of murder, shall be entitled to Constitutional protections. Stouffer has been denied access to the *Glossip* case and now individually asserts his right to not be executed in an unconstitutional manner. Allowing the Defendants to execute Stouffer without having his "day in court" would be a clear violation of due process and the Eight Amendment. This court must grant the stay requested herein.

### III.  CONCLUSION

There is a great likelihood that, at a minimum, Stouffer's claim that constitutionally impermissible pain and suffering will result from the three-drug lethal injection protocol

proposed by the state (midazolam, vecuronium bromide and potassium chloride) will proceed past summary judgment. If a stay is not granted, Stouffer will be executed, the most irreparable injury one could imagine. This injury outweighs any costs incurred by Defendants, especially when one considers the state successfully kept him out of the *Glossip* case seven years ago. Accordingly, Stouffer is entitled to a stay of the execution currently set for December 9, 2021.

Respectfully submitted this 19th day of October, 2021 by

*s/ Gregory W. Laird*
Gregory W. Laird, OBA # 18093
Law Office of Gregory W. Laird
P.O. Box 52043
Tulsa, OK 74152
greglairdlaw@gmail.com
(405) 264-3553

COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that due to the exigent circumstances involved in this case I have emailed a copy of this motion to the Oklahoma Attorney General's office as service has not yet been accomplished in this lawsuit on this 19th day of October 2021.

*/s Gregory W. Laird*
**Gregory W. Laird**

## CERTIFICATE OF CONFERENCE

Counsel for Attorney General have indicated they oppose Plaintiff's request to stay his execution on the grounds sought.

*/s Gregory W. Laird*
           **Gregory W. Laird**