## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BIGLER JOBE STOUFFER,** | ) | |
| | ) | **Case No. 21-CV-1000-F** |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **SCOTT CROW, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CAPITAL CASE
### PENDING EXECUTION DATE:
### DECEMBER 9, 2021

### <u>REQUEST FOR EMERGENCY HEARING</u>

Bigler Jobe Stouffer, Plaintiff ("Stouffer"), respectfully requests:

(1) that this Court set his Motion for Stay (Docket #6) filed October 19, 2021, as soon as possible.  Stouffer currently has a clemency hearing set for October 27, 2021, at 9:00 a.m. and an execution date of December 9, 2021; and

(2) that this Court consider Stouffer's Motion to Stay in the alternative as a motion for preliminary injunction and grant injunctive relief for the reasons set forth in the Motion to Stay.

Whereas the standard for a stay is set forth in Stouffer's Motion to Stay itself, the standard for preliminary injunction is similar. To be entitled to a preliminary injunction, generally, a party should demonstrate that (1) they will likely succeed on the merits of their claim(s); (2) without preliminary relief, they will likely suffer irreparable harm; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In balancing these four factors and in cases where what is sought is the minimum injunction required to maintain the status quo – that is, to stay Stouffer's execution date and enjoin any scheduling until after final judgment is entered – the Tenth Circuit has applied a relaxed standard other than likelihood of success. In such cases, as here, this relaxed standard applies, where the movant satisfies the other three requirements for a preliminary injunction and is not asking for an injunction that alters the status quo. *See generally Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

Stouffer admits that summons has not been served; however, summons has issued and despite Jennifer Crabb from the Oklahoma Attorney General's Office having entered an appearance on behalf of all Defendants, Ms. Crabb has stated the Defendants will not waive service.

Moreover, the trust fund department at the Oklahoma Department of Corrections is, by all appearances, deliberately stalling by not returning Mr. Stouffer's In Forma Pauperis form despite having it in their possession for several weeks. The trust fund department also refuses to return telephone calls from counsel for Stouffer.  Such tactics are unacceptable, especially given the gravity of this situation.  Nonetheless, counsel for Stouffer plans to spend his own money to attempt to obtain service privately.  Stouffer respectfully submits that the State of Oklahoma's dilatory tactics to obstruct Stouffer's due process should not forbid him from having a hearing on his Motion.

Respectfully submitted this 22nd  day of October, 2021 by


s/ Gregory W. Laird
Gregory W. Laird, OBA # 18093
Law Office of Gregory W. Laird
P.O. Box 52043
Tulsa, OK 74152
greglairdlaw@gmail.com
(405) 264-3553

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I electronically transmitted the attached document to the Clerk of Court using the EDF system for filing and transmittal for Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System on this 22nd day of October 2021.


/s Gregory W. Laird
**Gregory W. Laird**